**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:09-CR-23-HAB |
| | ) | |
| MICHAEL GARCIA | ) | |

**OPINION AND ORDER**

The case at bar demonstrates the occasional difficulty courts experience in construing *pro se* litigant filings. On May 5, 2020, Defendant Michael Garcia ("Garcia") sent a letter to the Court. The letter first asked the Court to correct the BOP's allocation of good time credit, shortening Garcia's incarceration on a violation of supervised release. (ECF No. 84 at 1). Garcia then, in what appears now to have been an off-hand comment, referenced the "pandemic" amongst numerous other factors in asking the Court to order that the remainder of Garcia's federal time be served on house arrest. (*See*, *generally*, *id.*).

Garcia's letter comes at an extraordinary time for the federal courts. On a weekly, if not daily, basis, this Court receives letters from inmates throughout the BOP seeking compassionate release from prison due to the COVID-19 pandemic. The Court has received so many such letters that it has developed a standard procedure for handling these requests. Garcia's reference to the pandemic placed his letter into this procedure; the letter was referred to the Federal Community Defender's office and the probation office was asked to prepare a report. (ECF No. 87). On May 7, 2020, the Federal Community Defender declined to represent Garcia. (ECF No. 88). The probation office submitted its report on May 18, 2020, advising that Garcia was not in the custody of the BOP. (ECF No. 89). The Government then filed its response to Garcia's letter (ECF No.

90), arguing that Garcia had failed to exhaust administrative remedies and that, in any event, Garcia had failed to identify a basis for compassionate relief under 18 U.S.C. § 3582(c)(1)(i).

Garcia filed his reply on June 5, 2020. (ECF No. 91). In his reply, Garcia abandoned any reference to COVID-19 or his request for early release to house arrest. Instead, Garcia now asks only that the Court "fix" what Garcia views as the BOP's error in allocating his good time credit.

Garcia's reply fails to address any of the points raised by the Government in opposition to his apparent request for compassionate release. Therefore, the Court finds that any such request has been waived. *Bates v. Harden*, 2019 WL 3554118, at *1 (N.D. Ill. Aug. 2, 2019) ("[B]y not addressing in any material way Defendants' merit arguments, [plaintiff] forfeited any counter-arguments he might have made."). The Court, then, will constrain its discussion to the good time credit.

The statutory basis for good time credit is found in 18 U.S.C. § 3624. The statute is clear that a prisoner's entitlement to good time credit is "subject to determination by the Bureau of Prisons." 18 U.S.C. § 3624(b)(1). Thus, the sole party with discretion to award and calculate good time credit is the BOP, not the Court. *United States v. Evans*, 1 F.3d 654, 654–55 (7th Cir. 1993). Any concerns regarding the allocation of good time credit must be taken to the BOP, as this Court has no authority to grant Garcia's request.

For the foregoing reasons, any and all relief requested in Defendant Michael Garcia's May 5, 2020, letter (ECF No. 84) is DENIED.

SO ORDERED on June 11, 2020.

 s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT